IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY MCANDREW :

    PLAINTIFF, : CASE NO. 3:11-CV-1727

V. :

DELAWARE & HUDSON RAILWAY CO., :
INC. D/B/A C.P. RAIL SYSTEM
: JUDGE RICHARD P. CONABOY
    DEFENDANT.

**MEMORANDUM**

We consider here Defendant's Motion in Limine (Doc. 32) seeking to introduce evidence of Plaintiff's prior convictions for (a) issuing bad checks and (b) criminal contempt. Defendant's contention that it should be allowed to impeach Plaintiff's credibility in this manner must be assessed under Rule 609 (a)(2) of the Federal Rules of Evidence. Rule 609 (a)(2) provides:

> ...evidence that any witness that has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

**A. Bad Checks**

Defendant's request that this Court admit evidence of Plaintiff's "convictions" for issuing bad checks as prohibited by

1

18 P.S. § 4105 Bad Checks must be denied. While it is certainly true that convictions under 18 P.S. § 4105 are the types of crimes characterized by deceit that may be used to impeach a witness's credibility under Rule 609 (a)(2), Defendant's argument here has a fundamental flaw--it has afforded this Court no reliable basis upon which it can safely conclude that Plaintiff was ever convicted of these crimes. Exhibit A to Defendant's Brief in Support of its Motion in Limine (Doc. 33-1) is a "Background Report" prepared by an entity of undetermined origin. Moreover, the entity that prepared the "Background Report" acknowledges at Page 1 thereof that the report "does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation." [1]

In its Brief in Opposition to Defendant's Motion in Limine (Doc. 38), Plaintiff asserts that he has searched the Unified Judicial System "PORTAL" for Pennsylvania Courts and that it yields no results under the docket number Defendant identifies as the one associated with Plaintiff's alleged convictions for uttering bad checks. Plaintiff's counsel has attached the printout of that search as Exhibit B to his brief. Plaintiff asserts further that he contacted the office of the District Justice who presided over the case docketed to the number that supposedly identified

---

[1] The "Background Report" indicates that Plaintiff pled guilty to four counts of "Bad Checks" on November 14, 2005 and that he pled guilty to one count of "Bad Checks" on June 28, 2000. If reliably authenticated, the "pleas" of November 14, 2005 would be admissible. The alleged plea of June 28, 2000 would be temporally remote under Rule 609 (b) and generally inadmissible as a result.

Plaintiff's convictions for uttering bad checks. Plaintiff relates that the staff member to whom he spoke in the office of District Justice Suzanne Brainard informed him that her search of both hard copy files and computer records produced no information with respect to the docket number in question.

While the Court is not familiar with the source of Defendant's information and is familiar with the source, Pennsylvania's Judiciary Web Portal, relied upon by Plaintiff, the Court does not rely merely on this familiarity in denying Defendant's motion. [2] As the proponent of its Motion in Limine, Defendant has the burden of convincing the Court that the "fact" that it seeks to bring to the jury's attention is properly authenticated. This Court is not prepared to allow jurors to believe that the Plaintiff has committed a crime involving deceit or falsehood until such time as the Defendant has met its burden to establish by reliable evidence that such is the case.

B. **Criminal Contempt.**

Defendant also seeks a ruling that a March 16, 2011 verdict of the Susquehanna County Court of Common Pleas established that Plaintiff was guilty of criminal contempt, a crime it seeks to characterize as one of "dishonesty and false statement" and, thus, one that may be brought to the jury's attention under Rule 609

---

[2] Presentence Reports supplied to the Court in criminal cases routinely use the "Pennsylvania Portal" as a means of apprising the Court about the extent of a Defendant's criminal history.

3

(a)(2). In support of this assertion Defendant has produced a copy of the aforementioned verdict that indicates that President Judge Kenneth W. Seamans found Plaintiff to be in contempt of two prior orders by threatening the life of one Kara Leigh Ainey. While we may glean from this that Plaintiff committed an act of intimidation and violence, this information does not permit us to conclude that Plaintiff's criminal contempt involved "dishonesty or false statement." The cases Defendant cites for the proposition that criminal contempt is generically a crime involving "falsehood or dishonesty" are confined to their facts and not dispositive in this context. Accordingly, Defendant has not met its burden to convince this Court that Plaintiff's conviction for "indirect criminal contempt" is one that may be made known to jurors under the ambit of Rule 609(a)(2).

C.  **Conclusion.**

Should the Defendant subsequently produce sufficiently reliable evidence that Plaintiff committed a crime involving dishonesty or false statement, the Court will revisit this issue. However, absent production of such evidence, the Defendant will not be permitted to adduce evidence of Plaintiff's alleged prior convictions. An Order consistent with the foregoing discussion will be entered contemporaneously herewith.

BY THE COURT

/s/ Richard P. Conaboy
Honorable Richard P. Conaboy
United States District Judge

Dated: 3-1-13

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFREY MCANDREW                           :

    PLAINTIFF,                         : CASE NO. 3:11-CV-1727

  V.                                       :

DELAWARE & HUDSON RAILWAY CO.,             :
INC. D/B/A C.P. RAIL SYSTEM
                                                          : JUDGE RICHARD P. CONABOY
    DEFENDANT.

**ORDER**

AND NOW, THIS ____ DAY OF MARCH, 2013, for the reasons discussed in the foregoing Memorandum, Defendant's Motion in Limine (Doc. 32) seeking to introduce evidence of Plaintiff's prior criminal convictions is hereby denied.

**BY THE COURT**

                                              _____
                                              HONORABLE RICHARD P. CONABOY
                                              UNITED STATES DISTRICT JUDGE

FILED
SCRANTON

MAR 01 2013

PER_____
    DEPUTY CLERK