## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

—————————————————————

| | | |
|---|---|---|
| JEFFREY McANDREW, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | NO. 3:11 – CV – 01727 |
| DELAWARE & HUDSON RAILWAY | : | |
| COMPANY, INC. d/b/a CP RAIL | : | |
| SYSTEM, | : | |
| Defendant. | : | |

—————————————————————

### DEFENDANT'S TRIAL BRIEF

AND NOW, comes the Defendant, Delaware and Hudson Railway Company, Inc., d/b/a CP Rail System, by and through its counsel, and pursuant to Local Rule 39.7, files the within Trial Brief, as follows:

### I.     PROCEDURAL HISTORY

Plaintiff initiated this action pursuant to the Federal Employer's Liability Act, 45 U.S.C. §§ 51-60, claiming that he suffered injury to his back due to the negligence of his employer, the Delaware and Hudson Railway Company, Inc., d/b/a CP Rail Systems.  Defendant filed an Answer and Affirmative Defenses to Plaintiff's Complaint denying any and all liability. Jury selection commences on Tuesday, February 18, 2014 at 9:30 a.m. in Scranton, Pennsylvania.

### II.     STATEMENT OF FACTS

For many years prior to Plaintiff's alleged February 21, 2011, accident, multiple CP Rail employees heard Plaintiff openly announce that after 20 years of employment he would fall and

injure himself in order to collect a disability pension.[1]   The Plaintiff was hired on March 1, 1991 and the accident took place on February 21, 2011, almost 20 years to the day after Plaintiff was hired.   CP will present evidence that Plaintiff believed he had acquired the requisite 20 years of employment and that no one, other than the Plaintiff, really knows whether an accident took place on February 21, 2011, or, if it did, the scope or significance of any related injury.

Plaintiff alleges to have sustained an injury to his back on February 21, 2011, while working as a Conductor for CP Rail at the Taylor Yard.   That morning Plaintiff drove to the Taylor Yard in the snow, but by the time he arrived the snow had stopped falling.   There is no dispute that the road entering the Yard, including the crossing on which the accident at issue allegedly took place, had been plowed by the time Plaintiff and his co-workers arrived.   At the start of Plaintiff's 9:00 a.m. shift, Plaintiff and his co-workers conducted their daily safety briefing which included a discussion of the snow and possible slippery conditions. Plaintiff and his co-workers put on their safety equipment, including hard hats, safety vests, steel-toe boots and studded over-boots.

Plaintiff claims that three days earlier he had discovered that the studs on his studded-over-boots were worn out and that he asked a manager (George Goss) for replacements.   He also claims that he told two co-workers (Kenny Kertsez and Mike Radzwilla) the morning of the accident the same thing, and asked if they had replacements.   Each of these three employees denies that any such conversation ever took place.

---

[1] 20-years of service with the railroad is significant in that if an employee with at least 20 years of employment becomes injured and cannot return to his occupation at the time of his injury, i.e., conductor, then he is eligible for Occupational Disability payments through the Railroad Retirement Board.  If an employee does not have at least 20 years of employment, an injured employee is only eligible for "sick benefits" which are disability payments until the employee is eligible to return to any position or perform any type of work in any capacity in any workforce.

Following the safety briefing, Plaintiff and his crew members left the yard office. Plaintiff walked across some rail tracks and a crossing to throw a switch.  He has testified that he recognized during this short walk that the walking conditions were "not good."  After he threw the switch, Plaintiff walked back to the crossing to prevent car or truck traffic from interfering with rail cars being moved through the crossing.  Plaintiff alleges that both feet then slipped out from under him, causing him to fall as he was standing at the crossing.  No one witnessed Plaintiff's fall.

As noted above, it is undisputed that the crossing at issue was plowed.  Plaintiff contends that there was ice at the crossing and that no non-skid[2] was applied to the crossing until after his alleged accident.  CP Rail will contend, via multiple witnesses, that there was non-skid at the crossing at the time of the alleged incident.  CP Rail will also contend that regardless of the non-skid issue, the studded boots mandated by CP Rail for all outside employees in snowy conditions provided a reasonable countermeasure to slipping on the morning of February 21, 2011.

## III.   ANTICIPATED LEGAL ISSUES[3]

### 1.   The Plaintiff has failed to make out a prima facie case of negligence.

Through the anticipated testimony of CP Rail's employees regarding snow removal and anti-skid application prior to Plaintiff's alleged fall, CP Rail as a matter of law provided the Plaintiff with a reasonably safe place to work and therefore did not breach its duty of care. A plaintiff in an FELA case is required to prove the traditional common law elements of negligence; i.e., duty, breach, foreseeability, and causation. *Robert v. Consolidated Rail*

---

[2] Non-skid is a mixture of granular black stone and salt.   A small container of non-skid will be an exhibit at trial.

[3] The Plaintiff previously filed two motions in limine currently pending before the Court regarding the admissibility of: (1) the Plaintiff's numerous statements against interest made directly to multiple co-workers and the mother of his youngest son; and (2) collateral source evidence regarding payments and advances received by the Plaintiff since the inception of the case.

*Corporation*, 832 F.2d 3, 6 (1st Cir. 1987). *See also, Moody v. Boston & Maine Corporation*, 921 F.2d 1, 3 (1st Cir. 1990). The law only requires the railroad to exercise ordinary care in furnishing its employees with a reasonably safe place to work. *Emig v. Erie Lackawanna Ry.*, 350 F. Supp. 986, 988 (W.D. Pa. 1972), *aff'd*, 485 F.2d 679 (3rd Cir. 1973).

Under the FELA, railroad employers are liable for injuries to their employees "resulting in whole or in part from the negligence of any of the officers, agents or employees of such carrier. 45 U.S.C. § 51. The FELA, however, "does not make the employer the insurer of the safety of its employees while they are on duty." *Ellis v. Union Pacific Railroad*, 329 U.S. 649, 653 (1947). The FELA "is neither a worker's compensation statute nor a strict liability statute…." *Fashauer v. New Jersey Transit Rail Operations, Inc*., 57 F.3d 1269, 1283 (3d Cir. 1995). Instead, the basis of the employer's liability is its negligence, "not the fact that injuries occur." *Ellis*, 329 U.S. at 543. In addition, the negligence must be "in whole or in part" the cause of the injury. *Id.*

**2.   <u>The Plaintiff's conduct constituted contributory negligence.</u>**

To the extent that there was an accident, it was caused by Plaintiff's own negligence. Plaintiff conceded that as he walked across the crossing to the switch that the walking conditions were "not good."  He failed to report these allegedly unsafe conditions.  Plaintiff was also of the opinion that the studs on his over-boots were worn out.   He asserts that he reported this, but the employees he allegedly told, both union and management, deny that any such conversation ever took place.  The Plaintiff was under a continuing duty to exercise reasonable and ordinary care for his own safety and protection. This duty required Plaintiff to exercise reasonable care to inform himself of his surroundings, of the character and type of instrumentalities with and conditions in which he was working or might come into contact and to exercise reasonable care

to avoid any injury from it. The Plaintiff failed to exercise such care as a reasonably prudent person would under like circumstances and his conduct contributed, in whole or in part, to the injury about which he complains.  As such, the Plaintiff was contributorily negligent. If the negligence was the sole cause of the Plaintiff's injury, then the verdict should be for the Defendant. *Reis v. National R.R. Passenger Corp.*, 960 F.2d 1156, 1162 (3d Cir. 1992); *Page v. St. Louis S.W.Ry.*, 349 F.2d 820, 824 (5th Cir. 1965); *Ganotis v. New York Cent. R.R.*, 342 F.2d 767, 768 (6th Cir.1965); *Gowins v. Pennsylvania R.R.*, 299 F.2d 431, 434 (6th Cir. 1962), *cert. denied*, 371 U.S. 824 (1962).

### 3.   The Defendant Provided Safe Equipment.

The testimony of the Plaintiff's co-workers and management employees will prove that the Defendant never complained about the condition of the studs on his snow boots and, in fact, there was a more than sufficient supply of replacement boots and studs readily available to the Plaintiff if the studs, or indeed his boots themselves, required replacement.   It is the Plaintiff's obligation to maintain proper safety equipment at all times and it is his duty to replace the studs on his snow boots when required.  The law does not make CP Rail an insurer of the safety of its employees while they are on duty and does not hold CP Rail absolutely responsible for the conditions of those places in or tools and equipment with which its employees work; rather, the law only requires CP Rail to exercise ordinary care in furnishing its employees with a reasonably safe place to work and reasonably safe equipment with which to work. The phrase "reasonably safe place to work" is a phrase of relative application and does not mean the guarantee of absolute safety under every circumstance and condition. In providing a "reasonably safe place to work," CP Rail was only obliged to exercise such care as the circumstances reasonably required. *Emig v. Erie Lackawanna Ry.*, 350 F.Supp. 986, 988 (W.D. Pa. 1972), *aff'd*, 485 F.2d 679 (3d

Cir. 1973); *Burch v. Reading Co.*, 240 F.2d 574, 580 (3d Cir., 1957), *cert. denied*, 353 U.S. 965 (1957).

           4.   **Plaintiff has failed to mitigate his damages as required by law.**

        The Plaintiff has failed to mitigate his damages in multiple ways.  First, the Plaintiff was told by his treating orthopedic surgeon, Dr. Alan Gillick, that he would not perform surgery if the Plaintiff was smoking at all, even a single cigarette, because smokers do hot heal fusion surgeries properly.  Despite this, Plaintiff continued to smoke, both prior to and after his surgery.  Plaintiff also failed to avail himself of prescribed physical therapy, asserting that he could not afford the gas or co-payments.  Although Dr. Gillick is of the opinion that the Plaintiff's fusion has healed, Plaintiff continues to complain of pain.  Dr. Gillick has no explanation for the pain and has testified that he cannot medically confirm the pain or any cause for the pain with any objective medical testing.  CP Rail will contend that Plaintiff's smoking, both before and after the surgery, and his failure to participate in physical therapy, are unreasonable and violate his duty to CP Rail to mitigate his damages.  A plaintiff has a duty to mitigate his damages by using reasonable efforts to return to gainful employment and reduce the loss. *Jones v. Consolidated Rail Corp.*, 800 F.2d 590, 593, (6th Cir. 1986); *Fashauer v. New Jersey Transit Rail Operations, Inc.*, 57 F.3d 1269, 1289 (3d Cir. 1995).

                                      Respectfully submitted,

                                      **CIPRIANI & WERNER, P.C.**

By:    */s/ Melissa A. Dziak*
                Melissa A. Dziak, Esquire,
                Attorney No. 308435
                409 Lackawanna Avenue, Suite 402
                Scranton, Pennsylvania 18503
                *Attorney for Defendan*

Dated:  February 8, 2013

## <u>CERTIFICATE OF SERVICE</u>

I, Melissa A. Dziak, attorney for Defendant, CP Rail System, hereby certify that a copy of the foregoing Trial Brief has been served via electronic filing to the following counsel on February 8, 2014:

**Gerard J. Martillotti, Esquire
Jerry Martilotti & Associates
4221 Ridge Avenue
P.O. Box 18509
Philadelphia, PA  19103**

Respectfully Submitted,

**CIPRIANI & WERNER, P.C.**

By:      */s/ Melissa A. Dziak*
Melissa A. Dziak, Esquire
Attorney No. 308435
409 Lackawanna Avenue, Suite 402
Scranton, Pennsylvania 18503
*Attorney for Defendant*